WARD v. SAN DIEGO LAND & TOWN CO. et al.

(Circuit Court, S. D. California. March 22, 1897.)

1. PARTIES—SUIT BY RECEIVER.

Where the receiver of the property of a water company appointed by a federal court brought suit in the same court to establish his alleged right to fix the rates at which he should furnish water for irrigation to takers of the water from the system, all of such consumers were proper and necessary parties.

2. REMOVAL OF CAUSES.

The petition of the defendant for removal of a cause from a state court being denied, he loses none of his rights by contesting in that court the suit on its merits.

3. FEDERAL COURTS—RESTRAINING PROSECUTION OF SUIT IN STATE COURT.

A federal court having acquired jurisdiction of the property of a water company by the appointment of a receiver, who has brought suit in the same court to establish his alleged right to fix the rates at which he shall furnish water for irrigation to takers of the water from the system, that court will not permit any party or counsel to proceed in a state court to test the receiver's right to fix rates, as such a suit may result in a judgment directing the receiver to administer the property contrary to the orders and decrees of the court whose receiver he is.

Ella B. Ward brought a suit in equity in the superior court of San Diego county, Cal., against the San Diego Land & Town Company and others, and the defendants made a motion to transfer to the United States circuit court for the Southern district of California, which was denied. Thereupon a certified copy of the record was entered in the United States circuit court, and a motion was then made by the complainant to remand to the state court, and by defendants to restrain the complainant and each of her attorneys from the further prosecution of the suit in the state court.

Haines & Ward, for complainant.
Works & Works and Works & Lee, for defendants.

ROSS, Circuit Judge. A suit precisely similar to that above entitled, brought by Virginia Rippey against the same defendants in the superior court of San Diego county, Cal., was by that court transferred to this court on the motion of the receiver of the property of the San Diego Land & Town Company, appointed by this court September 30, 1895. The suit by Mrs. Rippey was brought in the state court to test the same questions involved in a suit first instituted in this court by its receiver, to which C. H. Rippey, the husband of Virginia Rippey, was made a party defendant as the owner and irrigator of the land to which Mrs. Rippey now asserts title. The suit by the receiver was commenced in this court on the 6th day of January, 1896. The precise nature of that suit is fully stated in the opinion just filed therein, granting, among other things, the complainant's motion to make Virginia Rippey, wife of C. H. Rippey, and Ella B. Ward, wife of M. L. Ward, defendants thereto, and also denying the motion made on behalf of Mrs. Rippey to remand her suit to the state court from which it was brought. 79 Fed. 657. In the subsequent suit brought by

Mrs. Ward in the same state court against the same defendants that were made defendants by Mrs. Rippey, to test the identical questions originally presented by the suit first brought in this court by its receiver, and afterwards by the suit brought in the superior court of San Diego county by Mrs. Rippey against him and others, the state court changed its opinion, and denied a motion for the transfer of the suit to this court, made by its receiver, in all respects similar to the motion made by him for the transfer to this court of the suit of Mrs. Rippey, which motion had been by the same state court granted.

As will be seen from the opinions heretofore filed by this court, the real subject of controversy between the parties to all of these suits is the asserted right on the part of the San Diego Land & Town Company, a Kansas corporation, to establish the rates at which it will furnish water to consumers for the purpose of irrigation, in the absence of any action on the part of the board of supervisors of the county in which the property is situated. Prior to the bringing in the state court of either the suit of Mrs. Rippey or of Mrs. Ward, to wit, on the 14th of September, 1896, this court, in an opinion filed at the time, and reported in 76 Fed. 319 (Lanning v. Osborne), sustained that asserted right by the receiver of the property of the land and town company. In the subsequent suit brought by Mrs. Ward in the superior court of San Diego county against the land and town company, the receiver, and one of his employés in the distribution of the water, that court, on demurrer filed by the defendants to the bill, held directly contrary to the prior ruling of this court upon the same question, and to the effect that the receiver of this court, in the management and control of the property of the land and town company, which passed into the hands and administration of this court long prior to the institution of Mrs. Ward's suit, is legally and equitably bound to furnish Mrs. Ward with water from the land and town company's water system, for irrigation, at the annual rate of $3.50 per acre. It may be that the superior court of San Diego county is entirely right in its views in respect to the legal and equitable rights of the respective parties to the controversy, and that this court, in its previous ruling in respect to the same questions, was entirely wrong. If so, there is an easy and an appropriate way, by appeal, for the correction of any error into which this court may have fallen, or may fall, in the administration of the property with which it is charged, and in respect to the rights of any and all persons thereto or therein. While it always has been, and always will be, the purpose and desire of this court not to assume or draw to itself jurisdiction over any subject-matter or party not clearly within its jurisdiction, it can never hesitate to assert and maintain its rightful and proper jurisdiction over either subject-matter or parties. Conflicts between courts of co-ordinate jurisdiction, under our mixed system of government, may easily occur by a failure on the part of either court to carefully observe the line of demarkation; but care on the part of each will always avoid such conflicts, which are so unseemly, and always so much to be regretted. The

moving papers in the present case show that in a suit regularly
instituted in this court against the San Diego Land & Town Com-
pany, a Kansas corporation, this court, in the exercise of its equity
powers, appointed a receiver of the property of the land and town
company, who thereafter qualified, and took the property into his
possession. This court thereupon became charged, through its
receiver, with the administration of the property for the benefit of
whomsoever might be ultimately adjudged to be the owner or own-
ers thereof, and in accordance, of course, with the rights of any
and all third parties. Subsequently, to wit, on the 6th day of
January, 1896, and in the due course of the administration of the
property, the receiver commenced suit in this court against a large
number of persons as takers and consumers of water from the
water system of the insolvent corporation, constituting the prop-
erty in his hands, primarily to establish the asserted right on the
part of the land and town company to fix the rates at which such
water should be furnished the consumers, in the absence of any ac-
tion on the part of the board of supervisors of the county in which
the property is situated. Among the defendants to that suit was
M. L. Ward, the husband of Ella B. Ward; and the affidavit upon
which one of the present motions is in part based states that he
was made a party defendant thereto, instead of his wife, Ella B.
Ward, upon the supposition that he was the owner of the land to
which his wife now alleges title, such supposition being based
upon the alleged fact that the land and town company first, and
afterwards the receiver of its property, always furnished water
for the irrigation of that land upon applications therefor made
by and in the name of M. L. Ward. And the pleadings in the suit
brought in this court by the receiver, to which M. L. Ward was
made a party defendant, show that he appeared by one, at least,
of the same attorneys who represented the other defendants to the
suit, and who afterwards brought the suit for Mrs. Ward in the
state court, and who appears for her on the pending motions; and
in his original answer to the bill in that suit admitted his owner-
ship of the land to which Mrs. Ward now asserts title, for the irri-
gation of which he, in the original answer to that bill, and she in
her subsequent suit, claimed that the land and town company
and its receiver are legally and equitably bound to furnish water
at the annual rate of $3.50 per acre. A bare statement of the
facts is enough to show that Mrs. Ward was, after the assertion
of her claim, properly made a party defendant to the suit brought
by the receiver; for, the court being engaged in administering the
property through a receiver duly appointed, and that receiver hav-
ing brought suit in the same court to establish his alleged right to
fix the rates at which he should furnish water for irrigation to
takers and consumers of the water from the system, all of such
consumers were manifestly proper, and, in order to prevent a mul-
tiplicity of suits, necessary, parties. It is not necessary to refer
to the numerous cases cited by counsel in which it has been held
by the supreme court that where a state court wrongfully refuses
to give up its jurisdiction on a proper petition for removal, sup-

plemented by the filing of a proper bond, and forces the petitioning party to trial, the error, if not corrected on appeal to the supreme court of the state, may be ultimately corrected by writ of error from the supreme court of the United States. Such cases have no application to a case where property has first lawfully come into the possession of a court of competent jurisdiction, the proper administration of which requires that court to exercise its powers of protection. In cases of the latter character, of which the present is one, the court first acquiring jurisdiction will protect its possession and control, not only against parties, but against any and all other courts. This doctrine is firmly established. Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, and cases there cited. The fact brought to the attention of this court by counsel for Mrs. Ward that, after the denial by the state court of the receiver's petition for the removal of that suit to this court, and after the overruling by the state court of the demurrer to the bill in that suit, the receiver filed in the state court a cross bill, making defendants thereto all of the parties whom he had made defendants to his bill in this court, and in which cross bill he alleged the same rights asserted by him in the bill in this court, is unimportant. His petition for removal being denied, he loses none of his rights by contesting in the state court the suit on its merits. Railway Co. v. Koontz, 104 U. S. 5, 14, and cases there cited. But such a contest is necessarily at the cost of the property being administered by this court through its receiver, and of which this court acquired jurisdiction long before Mrs. Ward commenced her suit in the superior court of San Diego county. And, unless the motion here made for an order restraining Mrs. Ward and her attorneys from proceeding with that suit in the superior court of San Diego county is granted, not only will the property in the possession and control of this court be called on to pay those costs, but that court, if it should, upon the trial of the merits of the case, adhere to its ruling when considering the demurrer to the bill, will enter a decree requiring the receiver of this court to furnish, of the property in the custody and under the management of this court, certain water to Mrs. Ward for the irrigation of her land at the rate of $3.50 per acre per annum; whereas, prior to the bringing of Mrs. Ward's suit, in a suit regularly instituted by the receiver of this court to test the question, in which suit the question was by one, at least, of the same counsel who appear in the state court, as well as in this court, for Mrs. Ward, elaborately argued and carefully and fully considered, this court decided that the receiver, in the absence of action by the board of supervisors of the county in which the property in question is situated, is entitled to fix the rates at which he shall furnish water for irrigation to all consumers under the system. The logical result of such conflicting decisions is too obvious to be dwelt upon. No argument is necessary to support the position that the court first acquiring jurisdiction of the property in question, and engaged in administering it through a receiver duly appointed and qualified, will not permit any party or counsel to proceed in any other court for the purpose of obtain-

ing a judgment directing such receiver to administer the property contrary to the orders and decrees of the court whose receiver he is.

I see nothing of merit in the suggestion of counsel for Mrs. Ward that this court, in the administration of the property in question through its receiver, is undertaking to exercise a part of the public powers of the state of California. That the property in question, in the hands of the receiver, as well as when operated by the San Diego Land & Town Company, is, and was then, charged with a public use, is, I think, made sufficiently plain in the opinion of the court rendered in the case entitled Lanning v. Osborne, 76 Fed. 319. The court administering the property administers it subject to that use, and in accordance with the laws of the state regulating it, just as it administers, through a receiver, the property of a railroad or other public or quasi public corporation whose property is subject to such a use, and to regulation by the state. For errors, if any, committed by the court in the administration of such property, aggrieved parties have appropriate remedies by resort to superior courts.

The motion made on behalf of Ella B. Ward to this court, where a certified copy of the record of her suit in the state court to and including the proceedings on the petition for removal was entered December 18, 1896, to remand it to the state court, is denied, and an order will be entered restraining her and each of her attorneys from the further prosecution of that suit in the superior court of San Diego county, Cal., until the further order of this court.