# CHESAPEAKE & OHIO RAILROAD COMPANY v. WHITE.

### ORIGINAL.

Argued March 11th, 1884.—Decided March 24th, 1884.

*Jurisdiction—Practice—Removal of Causes.*

When a cause is properly removed from a State court to a Federal court, and the State court nevertheless proceeds with the case, and forces to trial the party upon whose petition the removal was made, the proper remedy is by writ of error after final judgment, and not by prohibition or punishment for contempt. *Insurance Company* v. *Dunn*, 19 Wall. 214, and *Removal Cases*, 100 U. S. 457, again reaffirmed.

This was a petition for an original process from this court to stay proceedings in the Circuit Court of Greenbrier County, West Virginia, in a suit in which the defendant in these proceedings was plaintiff and the plaintiff in these proceedings was defendant, on the ground that the cause was removed to the Federal courts under the removal act, and that the substantial rights of the parties were involved in a suit, pending in this court, in error to the Court of Appeals of West Virginia. The facts upon which the motion was founded appear in the opinion of the court.

*Mr. W. S. Hogeman* for the railroad company, petitioner.

*Mr. Henry M. Matthews* opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

The motion papers in this case present the following facts:

On the 17th of September, 1881, A. E. White, as administrator of the estate of John D. White, sued the Chesapeake and Ohio Railroad Company in the Circuit Court of Greenbrier County, West Virginia. The summons was returnable on the first Monday in October, and on that day a declaration was filed. On the filing of the declaration an order was entered at rules that judgment be entered for the plaintiff for his damages, unless the defendant appear and plead to issue on the first Monday in November. The defendant failing to appear on that day, an order was entered, also at rules, for the assessment of damages at the next term.

On the 10th of November, which was during the next term, the defendant did appear and demur generally to the declaration, in which the plaintiff joined. At the next term, on the 18th of April, 1882, the defendant again demurred to the declaration and to each count thereof, and then presented a petition, with sufficient bond, for the removal of the suit to the District Court of the United States for the District of West Virginia, sitting at Charleston, and exercising Circuit Court powers. This petition the State Circuit Court refused to receive, on the ground that it was not filed before or at the term at which the cause could be first tried. The defendant then pleaded not guilty and a special plea, and again presented his petition and bond for the removal of the suit, which was also refused and on the same ground.

On the first of May the defendant filed in the District Court of the United States a copy of the record, and, on its motion, the suit was docketed in that court. On the 29th of June the plaintiff moved the State Circuit Court to proceed with the trial of the action, but this was refused on the ground that the case had been docketed in the District Court of the United States. On the 14th of October the plaintiff applied to the Supreme Court of Appeals of the State for a mandamus requiring the Circuit Court to proceed with the trial of the cause, and a rule

was awarded, directed to the judge of the Circuit Court, returnable on the tenth day of the next regular term, calling on him to show cause why a peremptory writ should not issue. On the 6th of November a judgment of nonsuit was entered in the District Court, the plaintiff having failed to appear and prosecute the original action there. The rule of the Court of Appeals was served on the judge of the Circuit Court on the second of December, 1882, and on the railroad company on the fourth of the same month.

On the 10th of January, 1883, the railroad company filed its bill in equity in the District Court of the United States against White, as administrator, to enjoin him from proceeding any further with his application for mandamus in the Court of Appeals, and on the 12th of the same month a preliminary injunction was granted as prayed for.

On the 30th of June, 1883, a judgment was entered by the Court of Appeals awarding a peremptory mandamus, both the judge and the railroad company having answered the rule on the 20th of January previous. From this judgment a writ of error was taken to this court and a bond accepted which operated as a supersedeas. That writ was docketed here on the 30th of July.

At the November term, 1883, of the Circuit Court of Greenbrier County, White, the plaintiff in the original suit, applied for a trial of his action. To this the railroad company, defendant, objected. The court declined to proceed to a trial at that term, but entered an order that it would proceed at the next term, which will begin on the 21st of April, 1884. The railroad company thereupon filed its petition in this court, praying "for a writ of prohibition, or such other process as may be deemed appropriate, directed to the Circuit Court of Greenbrier County, West Virginia, and to the Honorable Homer A. Holt, judge of said court, and to the said A. E. White, administrator as aforesaid, and to Alexander F. Matthews, attorney of said White, prohibiting them, and each of them, or such of them as may be thought proper, from any and all further proceedings in the action aforesaid, until the final disposition of the aforesaid writ of error by the Supreme Court of the United States,

and for such other proceedings and process as the circumstances may require and justify."

We can find no authority for any such action in this court as is here prayed. Our proceedings in this suit must be confined to such as relate to a review of the judgment of the Court of Appeals and the enforcement of any order we may make upon the final hearing. If we affirm the judgment, the writ awarded by the Court of Appeals can issue; if we reverse, it cannot. The supersedeas does not operate on the State Circuit Court so as to prevent it from proceeding, nor on White to prevent him from applying to that court for a trial; it simply prevents the use of the process of the Court of Appeals, under the judgment awarding the writ, to compel the Circuit Court to go on. A supersedeas stays the execution of the judgment which is under review. Anything short of an effort to enforce the judgment will not amount to a contempt of the authority of the reviewing court. If the judgment of the Court of Appeals should be reversed in this court, and a mandamus refused, White would not be guilty in law of contempt, if, notwithstanding the refusal, he applied again to the Circuit Court to proceed with the trial.

The judgment of this court would not be a prohibition to that court against proceeding, but only a refusal to order it to proceed. Our judgment could be appealed to as authority for refusing a trial, but not as a command that it should be refused.

The Circuit Court, when, in June, 1882, it declined to order a trial, did not abandon its jurisdiction. It still retained the suit, so far as any action of its own was concerned. If a sufficient case for removal was made in the Circuit Court the rightful jurisdiction of that court is gone, and it cannot properly proceed further, but if it does proceed and does force the defendant, who applied for the removal, to a trial, the remedy is by a writ of error after final judgment, and not by prohibition or punishment for contempt. The proper practice in such cases was fully considered in *Insurance Company* v. *Dunn*, 19 Wall. 214; *Removal Cases*, 100 U. S. 457; *Railroad Company* v. *Mississippi*, 102 U. S. 135; *Railroad Company* v. *Koontz*, 104 U. S. 51.

If the suit in the Court of Appeals for mandamus is to be

deemed part of the original suit in the Circuit Court, and not an independent proceeding, we have no jurisdiction of the writ of error which has been taken, because the judgment of the Court of Appeals is not a final judgment in the action. If it is an independent suit, the writ of error gives us no more control over the Circuit Court, so as to stop its proceeding in the original suit, than it does over the District Court to prevent it from punishing White for a violation of the injunction allowed against his application to the Court of Appeals for a mandamus.

*The petition is denied, with costs.*