ROBERTSON *v.* KETTELL.

For some purposes of state law, an action of debt for a penalty, under Gen. Laws, *c.* 147, *s.* 13, is a suit of a civil nature ; and the defendant, having taken the proper steps to remove it to the circuit court of the United States, under the act of March 3, 1875, it was held inexpedient to put the parties to the expense of a trial before a federal decision of the federal question of removal.

DEBT, for a penalty, under Gen. Laws, *c.* 147, *s.* 13. The defendant, a citizen of Massachusetts, took the proper steps to remove the case to the circuit court of the United States, under the act of March 3, 1875; and the question arose whether the case is a suit of a civil nature within the meaning of that act.

*Bingham & Mitchell,* for the plaintiff.

*C. P. Sanborn, W. L. Foster,* and *J. H. Benton, Jr.,* for the defendant.

DOE, C. J. As a stockholder, the plaintiff was entitled to copies of corporate records. Gen. Laws, *c.* 147, *ss.* 10–13. The plaintiff of record is the plaintiff in interest. If the defendant prevails on the merits, he will have a judgment for costs. The action of debt, provided as a remedy for a violation of the plaintiff's private right, is civil in form; and in some sense, and for some purposes, its substance is regarded as civil by the law of this state. *Dow v. Norris,* 4 N. H. 16, 19, 20 ; *Bellows,* J., in *Rich v. Flanders,* 39 N. H. 304, 388; *State v. Kinne,* 39 N. H. 129; *State v. M. & L. R. R.,* 52 N. H. 528; *State v. G. T. Railway,* 58 N. H. 198; *Castles v. Welch,* 63 N. H. 369; *Wiley v. Yale,* 1 Met. 553, 554; *Roberge v. Burnham,* 124 Mass. 277; 3 Bl. Com. 2, 161; Sedgwick, Const. Stat. 333–336. " An action of debt to recover a penalty is a civil cause." *Woart v. Winnick,* 3 N. H. 473, 481. One of the material differences between this action and an indictment prosecuted wholly in behalf of the public is stated in *Lewis v. Foster,* Smith (N. H.) 420, 421, 422, 426. But an action may be civil within the meaning of one law, and criminal within the meaning of another. Whether this is a suit of a civil nature within the meaning of the federal statute of March 3, 1875, is a question on which it is not necessary for us to form an opinion. If the federal court hold the suit to be removable, a verdict and judgment, obtained by the plaintiff in the state court, would be fruitless. *C. & O. R. Co. v. White,* 111 U. S. 134. The practical question is, not whether we think the case is removable, but what will probably be the opinion of the federal court on that subject.

The utility of a judgment for the plaintiff here is so doubtful that it is not expedient to put the parties to the expense of a trial before the federal question is decided by the federal court.

*Case discharged.*

CARPENTER, J., did not sit : the others concurred.