NEWBERRY et al. v. MEADOWS FERTILI-
ZER CO. et al.

District Court, E. D. North Carolina.
Nov. 5, 1932.

Colonel Frank S. Spruill, of Rocky Mount, N. C., and R. E. Whitehurst and W. B. R. Guion, both of Newbern, N. C., for plaintiffs.

Kenneth C. Royall, of Goldsboro, N. C., and L. I. Moore, of Newbern, N. C., for defendants.

MEEKINS, District Judge.

The petition of the Davidson Chemical Company, a corporation, existing under and by virtue of the laws of the state of Maryland, and a citizen and resident of the city of Baltimore, state of Maryland, and C. Wilbur Miller, a citizen and resident of the city of Baltimore, state of Maryland, is presented to this court in the suit of A. O. Newberry and others against the petitioners and the Meadows Fertilizer Company, a citizen and resident of Newbern, Craven county, N. C.

The complaint is in tort and charges each and all of the defendants with various torts in which they are charged to have acted in concert, and which together constituted the wrong for which the plaintiffs have brought this suit.

The suit was originally instituted in the superior court of Craven county, N. C. The Meadows Fertilizer Company, the resident defendant, was personally served with process and thereafter filed a demurrer questioning the sufficiency of the action, particularly as to the joinder of actions and of parties.

The Davidson Chemical Company and C. Wilbur Miller, nonresident defendants, were served by attachment and garnishment. These last-named defendants entered their appearance in the superior court of Craven county, N. C., for the sole purpose of lodging a motion to remove the cause to the

United States District Court for the Eastern District of North Carolina.

The clerk of the superior court denied the motion, and the defendants appealed to the judge of the superior court of North Carolina, who denied the motion, and then the defendants appealed to the Supreme Court of North Carolina, and that court denied the motion and held the cause was not removable.

Pending the proceedings in the state courts the petitioners, the Davidson Chemical Company and C. Wilbur Miller, obtained from the clerk of the superior court a certified copy of the record in the cause and docketed the same in the office of the clerk of the United States District Court in and for the Eastern District of North Carolina, and being so docketed is before me for consideration on motion of plaintiffs to remand to the state court.

There is no question as to the jurisdictional amount involved in the controversy. In fact, the complainants are seeking to recover $1,500,000. If, therefore, the parties named in the complaint are necessary and proper parties and the joint action set out in the complaint is proper as to all of the designated defendants, the cause is not removable.

The petitioners, Davidson Chemical Company and C. Wilbur Miller, contend that there is a separable controversy disclosed in the complaint as to them and that they, being nonresidents of the state of North Carolina, are entitled to a separate trial on the issues raised in the District Court of the United States. They further contend that the Meadows Fertilizer Company, a North Carolina corporation, was joined for the sole purpose to defeat the removal to this court; that is to say, defeat the jurisdiction of this court.

Incident to the substantial and substantive questions thus presented, that is, as to fraudulent joinder of the parties and as to a separable controversy, the preliminary question is presented as to the right of this court to consider the petition for removal on the plea that petitioners have made that an issue in the state courts and proceeded therein, and therefore consented to the jurisdiction of the state courts thereby, in legal effect, waiving their right to removal notwithstanding they required of the clerk of the superior court a transcript of the record and docketed the same in this court pursuant to the Judicial Code of the United States during and pending the proceedings in the state courts.

The superior jurisdiction of the courts of the United States in all matters over which they have jurisdiction is beyond controversy. Under the provisions of the Constitution of the United States, article 3, § 2, the extent of Federal jurisdiction is set forth, and not since the cases of McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579, and of Marbury v. Madison, 1 Cranch. 137, 2 L. Ed. 60, has the power, authority, and dignity of the national government been in serious doubt.

■ The right of removal in all cases where it properly exists cannot be abridged by the Legislature of a state nor by the action of the state courts. In the case of Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 561, 39 L. Ed. 517, Mr. Justice Gray speaking for the court, it is laid down: "The legislature or the judiciary of a state can neither defeat the right given by a constitutional act of congress to remove a case from a court of the state into the circuit court of the United States, nor limit the effect of such removal."

■■ To enforce the superior right of the United States court as against even the refusal of the state court to transmit the record there is the affirmative statutory power of certiorari, and the United States court may proceed even if the state court denies the removal and proceeds with the cause. If the cause proceeds in the federal court its judgment is final, if the cause is held properly removable. Kern v. Huidekoper, 103 U. S. 485, 26 L. Ed. 354. It may be said, however, that if the state court shall persist in its exercise of jurisdiction, which jurisdiction may not be stopped by any process of the federal court, but only on writ of error from the United States Supreme Court, to the highest court of the state after a final determination of the cause, that is after final judgment in such court. Chesapeake & Ohio Railroad Company v. White, 111 U. S. 134, 4 S. Ct. 353, 28 L. Ed. 378.

■ Stated as a general proposition, the decisions of the Supreme Court of a state are not binding upon the United States courts, yet it would be lacking in candor not to admit that such decisions are persuasive. In the particular case under consideration I am of the opinion that the Supreme Court of North Carolina rightly decided the legal character of the action and the question as to whether there was involved a separable controversy.

It is clear from the record that the petitioners in submitting to the jurisdiction of the state courts did not thereby waive their right to remove their cause to this court. The petitioners from the first only presented to the state courts the question of removal. They have never affirmatively, nor otherwise, submitted themselves to the jurisdiction of the state courts as to any other question. The decisions of the Supreme Court of the United States are practically continuous on the question of waiver or submission in accord with the conclusion immediately before stated. In the case of West v. Aurora City, 6 Wall. 139, 141, 18 L. Ed. 819, Chief Justice Chase speaking for the court, it is laid down: "The right of removal is given only to a defendant who has not submitted himself to that jurisdiction * * * and it is given only to a defendant who promptly avails himself of the right at the time of appearance, by declining to plead and filing his petition for removal." In the case of Rosenthal v. Coates, 148 U. S. 147, 13 S. Ct. 576, 577, 31 L. Ed. 399, Mr. Justice Brewer speaking for the court, it is laid down: "Further to sustain this removal would certainly violate the spirit of the removal acts, which do not contemplate that a party may experiment on his case in the state court, and, upon an adverse decision, then transfer it to the federal court." If the petitioners had submitted themselves to the jurisdiction of the state courts, and experimented therein to their cost and consequent disappointment, there would be strength in the suggestion of the plaintiffs that the decision of the Supreme Court of North Carolina is conclusive and precludes this court from consideration of the questions raised on the motion to remand. But the petitioners did no such thing. In the case of Powers v. Chesapeake & Ohio Railroad, 169 U. S. 100, 18 S. Ct. 264, 267, 42 L. Ed. 673, Mr. Justice Gray speaking for the court, it is laid down: "The reasonable construction of the act of congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right; and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought. * * * It is hardly neces-

sary to add that the railway company, by making defense in the state court, after that court had declined to surrender jurisdiction of the case, did not lose or impair its right to insist that the case had been lawfully removed into the circuit court of the United States."

In Removal Cases, 100 U. S. 457, 475, 25 L. Ed. 593, the Chief Justice speaking for the court, it is laid down: "This question is settled by the case of Insurance Company v. Dunn, 19 Wall. 214, 22 L. Ed. 68, where it is distinctly held that if a party failed in his efforts to obtain a removal and was forced to trial, he lost none of his rights by defending against the action."

In the case of Ward v. San Diego Land & Town Company (C. C.) 79 F. 665, 667, it is laid down: "It is not necessary to refer to the numerous cases cited by counsel in which it has been held by the supreme court that where a state court wrongfully refuses to give up its jurisdiction on a proper petition for removal, supplemented by the filing of a proper bond, and forces the petitioning party to trial, the error, if not corrected on appeal to the supreme court of the state, may be ultimately corrected by writ of error from the supreme court of the United States."

These cases are cited to show the power of this court to exercise its jurisdiction in this case, were I convinced that the determination of the question of removal by the Supreme Court of North Carolina was erroneous. I have, as I ought to have, in law and in civics, a high opinion of the decisions of the Supreme Court of North Carolina, and the Supreme Court of the United States has, from its earliest days, laid down what is now an undisputed legal dogma that the decisions of the courts of last resort in the states as to local laws and local procedure is binding on the courts of the United States.

The determination of the Supreme Court of North Carolina, therefore, that the complaint in this cause is one in tort, against joint tort-feasors, and that the claim of the petitioners as to a separable controversy cannot be sustained, is in accord with my opinion and I think consonant with the opinions of the Supreme Court of the United States.

The complaint, in the absence of clear proof of fraud, is the sole guide of the court in determining whether there exists a separable controversy. In this case there is alleged a continuing and connecting series of

acts participated in by all the parties named as defendants. As to the resident defendant, the Meadows Fertilizer Company, it is specifically and particularly alleged in many of the paragraphs of the complaint that it acted, and a corporation can act only through and by natural persons, under the direction and control of the petitioners for removal, and that its organization and control, and its wrongful acts were for the purpose, and useful to the general scheme to defraud the plaintiffs. If the Meadows Fertilizer Company was an instrumentality acting through and by the direction of the petitioners, in most of the acts set forth in the complaint, and made the basis of a joint demand, against all the defendants, how, then, can that corporation be divorced by this court from the causes of action alleged against the petitioners in the complaint? There is no possible legal conclusion from the reading of the complaint, but that the claim set forth is one against all of the defendants as joint tort-feasors and as to this form of action the Supreme Court of the United States has plainly declared. In the case of Powers v. Chesapeake & Ohio Railroad Company, 169 U. S. 96, 18 S. Ct. 264, 265, 42 L. Ed. 673, it is laid down: "It is well settled that an action of tort, which might have been brought against many persons, or against any one * * * of them, and which is brought * * * against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the circuit court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said: 'A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint.'" In Alabama Great Southern Railway v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 163, 50 L. Ed. 441, 4 Ann. Cas. 1147, it is laid down: "It often has been decided that an action brought in a state court against two jointly for a tort cannot be removed by either of them into the circuit court of the United States, under the act of March 3, 1875, chap. 137, § 2, upon the ground of a separable controversy between the plaintiff and himself, although the defendants have pleaded severally, and the plaintiff might have brought the action against either alone." In the same case at page 217, of 200 U. S., 26 S. Ct. 161, 165, it is laid down: "In other words, the right

to remove depended upon the case made in the complaint against both defendants jointly, and that right, in the absence of a showing of fraudulent joinder, did not arise from the failure of the complainant to establish a joint cause of action." And on page 220 of 200 U. S., 26 S. Ct. 161, 166, in the same opinion, it is laid down: "The test of such controversy, as this court has frequently said, is the cause of action stated in the complaint.

In the case of Davis v. Standard Oil Company (C. C. A.) 47 F.(2d) 48, it is laid down: "Nonresident defendant seeking removal of case to federal court had burden to prove resident defendant was fraudulently joined to prevent removal. Alleged fraud of plaintiff in joining resident defendant to prevent removal to federal court must be proven by clear and convincing evidence."

In this case it is clearly suggested in the pleadings and the argument of counsel that the defendant the Meadows Fertilizer Company is artifically or fraudulently joined in this action to prevent removal. There is no evidence of fraudulent joinder and taking the complaint on its face, and assuming, in the absence of direct allegation, and positive proof to the contrary, that the same has been drawn in good faith and according to legal requirements, the complaint shows clearly a joint right of action against the Meadows Fertilizer Company, and the petitioners for removal.

In the case of Illinois Central Railroad Co. of State of Illinois v. Sheegog, 215 U. S. 316, 30 S. Ct. 101, 102, 54 L. Ed. 208, Mr. Justice Holmes speaking for the court, it is laid down: "In the case of a tort which gives rise to a joint and several liability, the plaintiff has an absolute right to elect, and to sue the tort feasors jointly, * * * no matter what his motive, and therefore an allegation that the joinder of one of the defendants was fraudulent, without other ground for the charge than that its only purpose was to prevent removal, would be bad on its face."

With careful examination and earnest solicitude I have reviewed this case, based on the facts, that are beyond controversy, as set out in the record, and given a continuing current of opinion of the law applicable thereto as decided by the final authority of the United States.

I am conscious of the seriousness of the merits in so far as they affect the petitioners and the other parties to the cause; more conscious of the seriousness of the question

which involves, as it does, the integrity of the respective jurisdictions of the federal and state courts of the country.

In maintaining the sovereignty and dignity of the courts of the United States, duty compels equal vigilance to safeguard the separate and, in some cases, the concurrent authority of the state courts. The sanctity of the Constitution of the United States and all power rightly granted thereunder is best preserved by an equal reverence for all the rightful and constitutional powers of the separate states. No function of government, federal or state, is more important for the welfare and security of the people than the orderly administration of justice.

My conclusion is that the case should be, and the same is, remanded to the state court, and I shall sign a decree in accord with this opinion.