**AMMOND v. PENNSYLVANIA R. CO. et al.**

No. 8760.

Circuit Court of Appeals, Sixth Circuit.

Feb. 10, 1942.

Virgil F. Mills, of Canton, Ohio (Amerman & Mills, of Canton, Ohio, on the brief), for appellant.

Clan Crawford, of Cleveland, Ohio, and Russell J. Burt, of Canton, Ohio (Burt, Carson & Shadrach, of Canton, Ohio, Squire, Sanders & Dempsey, of Cleveland, Ohio, Russell J. Burt, of Canton, Ohio, and Thomas M. Kirby, of Cleveland, Ohio, on the brief), for appellees.

Before SIMONS, HAMILTON, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

The principal question involved in the appeal is whether the United States District Court was right in retaining jurisdiction of a case removed from a state court in Ohio by the railroad defendant, on the ground that the controversy as to it was separable from that existing between the plaintiff and its engineer in a suit for damages based upon negligence. A supplemental issue is concerned with the power of the Federal Court to enjoin execution of a judgment rendered by the state court, after denial by the District Judge of a motion to remand. The appellant, as plaintiff, sued the appellees jointly, in the Court of Common Pleas of Stark County, Ohio, for injuries received in a collision between a railroad train and an automobile in which he was a passenger. He set forth five specifications of negligence. The first three charged negligent conduct of both defendants, railroad and engineer, in the operation of the train at a dangerous rate of speed; failure to give warning by bell or whistle in approaching a crossing; and in operating the train at high speed with knowledge of a dangerous condition surrounding the crossing. The remaining specifications charged negligence on the part of the railroad alone, in failing to provide adequate or any warning of the approach of the train. Both defendants were served. The railroad company, however, as a non-resident defendant, before it became necessary for it to answer, filed a petition, accompanied by a bond, for removal of the cause to the United States District Court on the ground that the controversy as to it was separable from the case against its resident employee. Its petition was overruled by the Court of Common Pleas, and immediately thereafter the defendants procured certified copies of the pleadings and filed them in the office of the clerk of the United States District Court at Cleveland. Thereupon, the plaintiff filed a motion to remand, which was overruled. Subsequently, the cause of

action pending in the Common Pleas Court was assigned for trial, and the defendants not appearing, their default was taken, a jury impaneled, and a verdict rendered for the plaintiff against both defendants in the sum of $35,000.

Prior to the rendering of the judgment, however, the defendants had filed an ancillary complaint in the District Court praying for an order enjoining the plaintiff from going forward with his default proceedings, and seeking judgment. The plaintiff appeared in the District Court and filed his answer, but before the issue could be determined, and in disregard of the asserted jurisdiction of the District Court, pursued his claim to judgment in the state court. It is conceded that the state court had no knowledge of the orders or rulings of the District Court. Thereafter, the defendants filed a supplement to their ancillary complaint, which the plaintiff likewise answered, and requested a jury trial in the original cause. Upon a rule to show cause why the plaintiff, his counsel and the officers of the county should not be enjoined from suing out or issuing execution upon the state court judgment, the District Court issued an injunction restraining the plaintiff and his attorneys from further proceeding in the Common Pleas Court of Stark County, from suing out of a writ of execution for the enforcement of the collection of the judgment therein rendered, and directing them to take such action as would cause the withdrawal from the sheriff of the praecipe for an order of execution theretofore issued upon their request by the clerk of the court.

■ We are met at the outset of the case with a motion by the appellees that the appeal be dismissed because not taken in time. The injunctional order restraining proceedings to collect the judgment in the state court was issued on July 10, 1940. The appellant's notice of appeal was filed September 12th. There was, therefore, an interval of time between the granting of the injunction and the notice of appeal exceeding thirty days. The appellees assert that the decree granting the injunction was interlocutory and that the appeal should therefore have been sought within thirty days after its entry, as provided by § 129 of the Judicial Code, 28 U.S.C.A. § 227. In our judgment the injunctional order was final and not interlocutory. It granted all of the relief sought by the appellees in

their ancillary complaint. Obeyed, or enforced, it would have nullified the state court judgment. If by us set aside, the state court judgment will be collected. There is nothing in the order which indicates that it is temporary in character and for the preservation merely of the status quo until the issues raised by the ancillary complaint and answer may be determined upon the merits. The appellant and his counsel are directed to withdraw their praecipe for execution. If interlocutory only in character, the praecipe would have been permitted to remain in the hands of the sheriff to await final disposition of the dispute. Moreover, nothing in respect to the jurisdiction of the Federal Court or its power to restrain, remained to be litigated. The facts, in respect to the state court proceeding, were not in dispute, and the issue was solely one of law. We find nothing in Maas v. Lonstorf, 6 Cir., 166 F. 41, 44, to mitigate against our conclusion. The motion to dismiss is overruled.

■ Separability of controversies is governed by state law. Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Chicago, R. I. & Pac. R. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Breymann v. Pennsylvania, O. & D. R. Co., 6 Cir., 38 F.2d 209. In Ohio it has been the rule, since a very early day, that a joint action cannot be maintained against a master and servant where the master's liability is based upon the principles of respondeat superior. Clark v. Fry, 8 Ohio St. 358, 72 Am.Dec. 590; French v. Const. Co., 76 Ohio St. 509, 81 N.E. 751, 12 L.R.A.,N.S., 669. It is also the law of Ohio that where the responsibility of two tort-feasors differs in degree and in nature, liability cannot be joint, and the alleged torts are not concurrent. Under such conditions a separable controversy exists with respect to each alleged tort-feasor. Kniess v. Armour & Co., 134 Ohio St. 432, 17 N.E.2d 734, 119 A.L.R. 1348.

The appellant concedes the general law of Ohio to be as stated, but insists that it does not apply to cases in which a railroad company and its engineer are joined as party defendants and jointly charged with negligence. He bases this contention upon § 8856 of the General Code of Ohio, which reads: "Liability of company.—The company in whose employ such engineer

or person in charge of an engine is, as well as the person himself, shall be liable in damages to a person or company injured in person or property by such neglect or act of such engineer or person." The implications of this statute, if not its express terms, are, he says, to this effect. When a railroad company, which is obligated by § 8853, preceding § 8856, to attach a bell and steam whistle to each locomotive and to sound them when approaching highways or crossings, where the view is obstructed, fails to do so, there is then a joint liability on the part of both the railroad and the engineer.

It is conceded that § 8856 has never so been construed by the Supreme Court of Ohio. It has not hitherto been thought, however, that the general public policy in Ohio, recognizing as separable suits against master and servant where the master's liability is based upon the rule of respondeat superior, or where the alleged torts differed in kind and degree, did not reach negligence cases against railroad companies. Robbins v. Pennsylvania R. Co., 6 Cir., 245 F. 435; Galehouse v. B. & O. R. Co., D.C.Ohio, 274 F. 370. Both of these cases were railroad cases originating in Ohio. But the appellant urges that they are not authoritative precedents because the decisions therein are founded on Clark v. Fry, supra, and French v. Const. Co., supra, which were not railroad cases, and because the exception to the general rule, now based upon § 8856, was not in either raised or considered. This is not surprising, however, for in the compilation of the General Code, § 8856 is found in the chapter on "Tracks and Crossings" in the subdivision dealing with railroads, and is not part of the Code of Civil Procedure. Section 8856 and its preceding § 8855 were both originally a part of § 3337 of the Revised Statutes of Ohio. Section 8855 provides a civil penalty recoverable at the suit of the state against engineers who fail to comply with the sections requiring signals, and it seems obvious that § 8856 was intended to insure that the civil penalty so imposed should not be considered exclusive, and that the engineer should be liable in damages in addition to the penalty, and that the railroad should likewise remain liable.

Section 8856 does not, in terms, change the established law of Ohio as to the joinability of master and servant, or as to the joinability of actions against tortfeasors whose faults differ in nature and degree. The appellant's insistence that if it were not the intent of the legislature to change the rule with respect to railroads, there was futility in the enactment of the section, since no purpose was served by it except one that is declaratory, appears to be answered by the environment in which the section is found. It seems, moreover, of much significance that no precedent for sustaining the right of joint action against a railroad and engineer in an Ohio court against a removal petition by the non-resident railroad, is to be found. The absence of precedent, after the lapse of years, in construing doubtful statutes, was thought to be significant in Commonwealth of Massachusetts v. Mellon, 262 U. S. 447, at page 487, 43 S.Ct. 597, 67 L.Ed. 1078.

Much is made by the appellant of the construction given to a comparable statute of Kentucky, construed by the Court of Appeals of that state in Winston, Administrator, v. Illinois Central R. Co., 111 Ky. 954, 957, 65 S.W. 13, 55 L.R.A. 603, to permit the joinder of actions for negligence against master and servant (followed by the Supreme Court in Cincinnati, N. O. & Texas Pac. R. v. Bohon, 200 U.S. 221, 26 S. Ct. 166, 50 L.Ed. 448, 4 Ann.Cas. 1152). But both the Kentucky Court of Appeals and the United States Supreme Court were considering a statute declaratory of the public policy of Kentucky in respect to the joinability of master and servant, generally, and enacted in pursuance of § 241 of the State Constitution. This declaration of policy applied to all master and servant cases and was not limited to railroads and their employees. Here we are concerned with the common law of Ohio, as repeatedly announced by its courts, and we are asked to construe a statute as creating an exception not therein expressed in derogation of the common law of the state. The Kentucky decision furnishes no analogy. If the legislature of Ohio meant to enact a provision which changed the law of Ohio in respect to joinder as tort-feasors of masters and servants, and not merely in excess of caution to declare existing law so as to avoid misconstruction of a companion section of the Act, then it would seem that it would have found words more apt in expressing such intention. This is particularly true when no good reason appears, and none has

been suggested, why a different rule should govern joinability of a railroad and its engineer, than that applicable, since an early time, to other masters and servants.

But the appellant argues that there is now a declaration of the law of Ohio construing this statute in the very decision of the Court of Common Pleas of Stark County, the enforcement of which was enjoined, and that this decision is binding upon us under the rule of West v. American T. & T. Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956 as constituting available data from which to determine the local law. But the record is silent as to the grounds upon which the removal petition was overruled by the County Court; no opinion and no conclusions of law are therein contained, and it must be assumed that none were announced. For aught that appears in the record the removal petition may have been denied on other grounds, or upon a purely arbitrary decision of the County Judge. But even if true that the ground for denial was joint liability of master and servant, read into the Ohio Statute, we do not so interpret the West case as to permit us to ignore the repeated decisions of the Supreme Court of Ohio upon the inconclusive decision of a local judge, in the face of the history of the statute and the assumption, over a long period of time, of courts adjudicating Ohio railroad cases, that there was no exception to the Ohio rule as announced by its Supreme Court.

The final question in the case relates to the power of the District Court to aid the defendants by its injunctive process and to restrain the plaintiff from enforcing the collection of his state court judgment. Its denial is urged upon the authority of Chesapeake & Ohio R. Co. v. A. E. White, Administrator, 111 U.S. 134, 4 S.Ct. 353, 28 L.Ed. 378, and other cases. It is true, of course, that the defendants, failing in their effort to remove, could have preserved the federal question in the Ohio courts, and if defeated, upon appeal could have applied to the Supreme Court of the United States for redress. But they were not required to do so. The Supreme Court, in two recent cases, has reviewed the whole question of removability where separable controversies exist. In Metropolitan Casualty Co. v. Stevens, 312 U.S. 563, 568, 61 S.Ct. 715, 717, 85 L.Ed 1044, it said: "When a petition for removal to a federal court is denied by the state court, the petitioner may do one of three things. He may object to the ruling, save an exception, and litigate the cause in the state courts. [citing cases.] He may remove the suit to the federal court despite the ruling of the state court. [citing cases.] He may proceed in both courts at the same time. * * * Petitioner is protected whichever course he elects." In Samuel R. Toucey v. New York Life Ins. Co., 62 S.Ct. 139, 143, 86 L.Ed. ——, decided November 17, 1941, and in response to the contention that state court proceedings may not be stayed by injunction unless authorized by law relating to bankruptcy, the court was careful to point to the history of the removal statutes and to declare that § 265 of the Judicial Code, 28 U.S. C.A. § 379, has always been deemed inapplicable to removal proceedings. "The true rationale of these decisions [so holding] is that the removal Acts have pro tanto amended the Act of 1793." Kline v. Burke Constr. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

Insofar as it was urged in argument, and impliedly, by supplemental brief, with reference to the results reached in Metropolitan Casualty Co. v. Stevens, supra, and Toucey v. New York Life Ins. Co., supra, that the present trend of adjudication is toward a complete denial of the injunctive process to restrain proceedings in state courts, our answer must be that in respect to denaturing the removal statutes, 28 U.S.C.A. § 71 et seq., we observe no such trend,* and were we to observe it we still conceive it to be our function to apply the law as we find it and not to indulge in prophecy.

The decree below is affirmed.

---

* "If he (the petitioner) removes the cause notwithstanding the state court ruling, he may nevertheless resist further action by his opponent in the state court. Kern v. Huidekoper, supra [103 U.S. 485, 26 L.Ed. 354]; In re Removal Cases, supra [100 U.S. 457, 25 L.Ed. 593]," from Metropolitan Casualty Co. v. Stevens, supra.