**GERMANTOWN CAB CO., Petitioner**

v.

**PHILADELPHIA PARKING AUTHORITY, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 10, 2010.

Decided Aug. 3, 2011.

Michael S. Henry and Drew Salaman, Philadelphia, for petitioner.

Carl R. Shultz, Philadelphia, for respondent.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge LEAVITT.

Germantown Cab Company petitions for review of a May 28, 2010, adjudication of the Philadelphia Parking Authority imposing a $1,750 fine upon Germantown Cab and suspending the operation of one of its taxicabs for 30 days.[1] The Authority

1. The Authority's hearing officer filed his initial order on May 28, 2010. Germantown Cab petitioned for review, and the appeal was docketed at 1094 C.D. 2010. On June 1, 2010, the Hearing Officer issued an amended order that was in all material respects identi-

based these sanctions on its holding that Germantown Cab had violated the Authority's taxicab regulation.[2] The Authority reached this legal conclusion notwithstanding this Court's *en banc* decision of April 28, 2010, that the Authority's taxicab regulation was invalid and unenforceable because it had not been promulgated in accordance with the Commonwealth Documents Law.[3] *Germantown Cab Company v. Philadelphia Parking Authority*, 993 A.2d 933 (Pa.Cmwlth.2010) (*Germantown Cab I*).

The facts of this case are not in dispute. In December 2009, a Taxicab Division Inspector for the Authority encountered one of Germantown Cab's taxicabs at 40th and Market Streets in Philadelphia and inspected it. The Inspector discovered that one of the taxicab's tires was worn and that the taxicab operator did not have an operator's certificate from the Authority, in violation of the Authority's taxicab regulation. The Inspector issued Germantown Cab two citations.[4]

A hearing was conducted by a hearing officer appointed by the Authority; both parties appeared and presented evidence. Germantown Cab objected to the citations on several grounds, one of which was that the Authority's regulation was invalid because it had not been promulgated in accordance with the Commonwealth Documents Law. On May 28, 2010, the hearing officer sustained the citations and imposed a $1,750 fine and 30–day suspension. Germantown Cab then petitioned this Court for review.[5] By order of July 6, 2010, this Court granted a stay pending appeal.

On appeal, Germantown Cab does not dispute the hearing officer's factual findings or the legal conclusion that the factual findings demonstrated a violation of the Authority's taxicab regulation. The sole basis of Germantown Cab's appeal is that the regulation is unenforceable, as held by this Court in *Germantown Cab I*. The Authority has petitioned the Pennsylvania Supreme Court for allowance of appeal of *Germantown Cab I*, which gave the Authority an automatic supersedeas under the Pennsylvania Rules of Appellate Procedure. PA. R.A.P. 1736(b).[6] This Court

cal to the original order except that it corrected a small typographical error. Germantown Cab petitioned for review of the amended order, and that appeal was docketed at 1395 C.D. 2010. This Court issued an order on June 10, 2011, consolidating the two appeals.

2. For many years, the Public Utility Commission regulated all taxicab operation in Pennsylvania. In 2004, the General Assembly passed the Act of July 16, 2004, P.L. 758, No. 94 (Act 2004–94), giving the Authority the duty to regulate taxicab service in and around Philadelphia. In June 2005, the Authority established its own taxicab regulation. Since that time, the Authority has issued citations to taxicab companies for assorted violations of the Authority's taxicab regulation.

3. Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§ 1102–1602, and 45 Pa.C.S. §§ 501–907, which, collectively, are known as the "Commonwealth Documents Law." This was the official short title of the 1968 enact-

ment. *See* Section 101 of the Act of July 31, 1968, P.L. 769.

4. The worn tire was a violation of Taxicab Regulation Section 13 dealing with "Vehicle and Equipment Standards." The lack of a driver's certificate implicated Taxicab Regulation Section 29 relating to penalties for "unauthorized operators."

5. Our review is limited to determining whether constitutional rights have been violated, errors of law were committed, or whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. It states:
 (b) Supersedeas automatic. Unless otherwise ordered pursuant to this chapter the taking of an appeal by any party specified in Subdivision (a) of this rule [which includes the Commonwealth] shall operate as a supersedeas in favor of such party.

vacated the automatic supersedeas, but it was reinstated by the Pennsylvania Supreme Court. *Germantown Cab Company v. Philadelphia Parking Authority,* — Pa. —, 15 A.3d 44 (2011). On February 23, 2011, our Supreme Court granted the Authority's petition for allowance of appeal. *Germantown Cab Company v. Philadelphia Parking Authority,* — Pa. —, 14 A.3d 821 (2011).

Germantown Cab argues that our decision in *Germantown Cab I* has binding effect notwithstanding the grant of *allocatur* and the reinstatement of the automatic supersedeas. The Authority agrees. The Authority states that it fully expects this Court to give effect to our decision in *Germantown Cab I* and hold the Authority's taxicab regulation to be void and unenforceable in this case, as we held in *Germantown Cab I.* The parties are correct.

■ It is axiomatic that a decision of an appellate court remains binding precedent, even if it has been appealed, unless and until it is overturned by the Pennsylvania Supreme Court. *Sorber v. American Mo-*

*torists Insurance Company,* 451 Pa.Super. 507, 680 A.2d 881, 882 (1996). The fact that the Authority has an appeal of *Germantown Cab I* pending is of no moment for purposes of this appeal.[7] Our holding in *Germantown Cab I* is dispositive of this appeal.[8]

■ Although the Authority acknowledges that its taxicab regulation has been held unenforceable, it contends that its enforcement action here can be sustained on other grounds. In *Germantown Cab I,* we observed that invalidating the Authority's regulation did not eviscerate all of the Authority's enforcement powers. The Authority could initiate enforcement actions for direct violations of the Parking Authorities Law[9] or of the regulations of the Pennsylvania Public Utility Commission (PUC), 52 Pa.Code Chapter 29, that were to remain in effect until replaced by the Authority's regulation. *Germantown Cab I,* 993 A.2d at 943. The Authority contends that the worn tire violated the PUC's taxicab regulations at 52 Pa.Code § 29.402(1)[10] and 52 Pa.Code § 29.404.[11]

PA. R.A.P. 1736(b).

7. Germantown Cab correctly posits that the supersedeas received by the Authority when it appealed *Germantown Cab I* stayed only the enforcement of this Court's order between the parties in that particular litigation, which was an appeal of two particular citations received by Germantown Cab. *See, e.g., Chesapeake & Ohio Railroad Company v. White,* 111 U.S. 134, 137, 4 S.Ct. 353, 28 L.Ed. 378 (1884) (explaining that a "supersedeas stays the execution of the judgment which is under review" in a given appeal).

8. Germantown Cab and the Authority both point out that this Court reached the identical conclusion in *Paroya v. Philadelphia Parking Authority,* (Pa.Cmwlth., No. 1497 C.D. 2009, filed June 4, 2010). There, the Authority penalized Paroya for violating the regulation determined to be invalid in *Germantown Cab I.* Relying on *Germantown Cab I,* this Court held that the regulation was unenforceable

against Paroya; reversed the Authority's order; and instructed the Authority to refund to Paroya the $1,000 fine he had paid. We take judicial notice of the Supreme Court's docket showing that the Authority appealed and the matter is being held by the Supreme Court pending the outcome of *Germantown Cab I* on appeal.

9. Act 2004–94 added Chapter 57 of the Parking Authorities Law, 53 Pa.C.S. §§ 5701–5745, giving the Authority the responsibility to regulate taxicab and limousine service in and around Philadelphia.

10. Regulation 29.402(1) states:

Vehicles must comply with applicable Department of Transportation equipment inspection standards as set forth in 67 Pa. Code Chapter 175 (relating to vehicle equipment and inspection) at all times when the vehicle is being operated.

52 Pa.Code § 29.402(1).

The lack of a driver's certificate violated the Parking Authorities Law at 53 Pa.C.S. § 5706.[12] In the alternative, the Authority asks that we remand the matter so that the Authority "can apply its statutory authority and the PUC's regulations to Germantown's Citations of December 15, 2009." Parking Authority Brief at 13.

 To sustain on other grounds or to permit a remand would violate due process. In an administrative proceeding, the essential elements of due process are notice and an opportunity to be heard. *Goslin v. State Board of Medicine*, 949 A.2d 372, 376 (Pa.Cmwlth.2008). Due process is satisfied if a citation specifically states what section of a law or regulation a person is charged with violating and provides enough information about the charges so that the individual can properly defend himself. *Commonwealth v. Nicely*, 988 A.2d 799, 807 (Pa.Cmwlth.2010). The Authority admits that the citations issued to Germantown Cab in December 2009 were based solely on the Authority's taxicab regulation, which governed the administrative hearing and the Authority's adjudication. Germantown Cab had no notice that it may have violated other laws when it attended the hearing.

 Further, *res judicata* bars the Authority from reissuing new citations alleging other violations occurring in December 2009. *Res judicata* acts as a bar to matters that could have been or should have been raised and decided in a prior action. *Merkel v. Workers' Compensation Appeal Board (Hofmann Industries)*, 918 A.2d 190, 193 (Pa.Cmwlth.2007). Because the Authority could have, but did not, litigate before the hearing officer whether Germantown Cab had violated other laws, it cannot now go back in time and do so.

We reverse the Authority's adjudication for the reasons stated in *Germantown Cab I*, 993 A.2d 933, and deny the Authority's request to affirm on other grounds or to start a new enforcement proceeding based upon the same facts.

### ORDER

AND NOW, this 3rd day of August, 2011, the order of the Philadelphia Parking Authority entered on May 28, 2010, and amended on June 1, 2010, in the above captioned matter is hereby REVERSED.

---

11. Regulation 29.404 states, in relevant part: A common carrier or contract carrier may not permit or require a driver to operate a vehicle revealed by inspection or operation not to comply with § 29.402 or § 29.403 (relating to vehicle equipment requirements; and requirements for passenger service operation).
52 Pa.Code § 29.404.

12. Section 5706(a) states in relevant part: No individual shall operate a taxicab or limousine at any time unless the individual is certified as a driver by the authority.

53 Pa.C.S. § 5706(a). Section 5706(b) further provides, in relevant part: Operating a taxicab or limousine without a driver's certificate or authorizing or permitting the operation of a taxicab or limousine by a driver who is not certified as a driver by the authority within cities of the first class is a nontraffic summary offense in the first instance and a misdemeanor of the third degree for each offense thereafter.
53 Pa.C.S. § 5706(b).