# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley Ratay,                 :
             Petitioner     :
                            :
            v.                :    No. 271 C.D. 2018
                            :    SUBMITTED: July 20, 2018
Workers' Compensation Appeal    :
Board (City of Philadelphia),        :
            Respondent   :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**            **FILED: August 31, 2018**


       Stanley Ratay (Claimant), a firefighter for the City of Philadelphia Fire Department (Employer or City), petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying his claim petition. On appeal, Claimant maintains that the WCJ and Board erred by misinterpreting Sections 108(r) and 301(f) of the Workers' Compensation Act (Act),[1] 77 P.S. §§ 27.1(r) and 414, part of the 2011 amendments to the Act known as Act 46. Section 108(r) added cancer suffered by a firefighter caused by exposure to a known carcinogen recognized as a Group 1 carcinogen by the International Agency for Research on Cancer (IARC) as a compensable occupational disease. Section 301(f) limited cancer claims to

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of the Act of July 7, 2011, P.L. 251.

firefighters who could show four or more years of continuous firefighting service and the absence of cancer prior thereto. In accordance with *City of Philadelphia Fire Department v. Workers' Compensation Appeal Board (Sladek)*, 144 A.3d 1011 (Pa. Cmwlth. 2016) (en banc), *appeal granted*, 167 A.3d 707 (Pa. 2017),[2] we affirm.

The pertinent facts are as follows. In 1977, Claimant joined the City's Fire Department. In 1991, he was promoted to lieutenant. When he was hired and promoted, he passed physical examinations with no restrictions on his ability to work and no treatment for any type of cancer. (WCJ's May 25, 2017 Decision, Finding of Fact (F.F.) No. 3(a) and (b).) In December 2005, Claimant was diagnosed with bladder cancer at age fifty-five. (*Id.*, No. 3(c).) A urologist removed a tumor the size of a lemon, which grew back several times necessitating additional surgeries. From December 26, 2005 to January 13, 2006, he was out of work. Approximately six months later, he was out of work for an additional four weeks. In addition, there were days that he had to take off work due to the toxic nature of a liquid treatment injected through his urethra. He continues to have medical issues and undergo various forms of treatment. (*Id.*, No. 3(l).)

---

[2] In *Sladek*, the Supreme Court granted review on the following issues:

> (1) Whether the Commonwealth Court, in a case of first impression, committed an error of law by misinterpreting Section 108(r) to require a firefighter diagnosed with cancer caused by an IARC Group I carcinogen to establish exposure to a specific carcinogen that causes his/her cancer in order to gain the rebuttable presumption provided by the law?; and

> (2) Whether the Commonwealth Court committed an error of law by concluding that a legislatively-created presumption of compensability may be competently rebutted by a general causation opinion, based entirely upon epidemiology, without any opinion specific to the firefighter/claimant making the claim?

167 A.3d at 707.

2

By way of background, there is no history of cancer in Claimant's family and his wife is not a smoker. Claimant, however, smoked for about forty years, working up to about one and one-half packs per day before stopping in 2006. In addition, firefighters were permitted to smoke in firehouses as a matter of course and, consequently, Claimant was exposed to smoke in the firehouses over the years. Further, although he has not imbibed alcohol since the 1980s, Claimant is a recovering alcoholic and drank a six-pack to one-half case of beer per day. (*Id.*, No. 3(m).)

On June 8, 2012, Claimant filed a claim petition alleging that he suffered an occupational disease in the nature of bladder cancer as a result of his exposure to IARC Group I carcinogens while working for Employer and that this exposure was a substantial contributing factor in his diagnosis. Alleging an injury date of December 26, 2005, he further averred that he was entitled to temporary total disability benefits from December 26, 2005, to January 13, 2006, and payment of medical expenses related to his diagnosis. (*Id.*, No. 1.) In support of his position, Claimant presented, *inter alia*, the deposition testimony of Barry L. Singer, M.D. Dr. Singer opined that Claimant's exposure to various carcinogens present at fires was a significant contributing factor in the development of his bladder cancer. (*Id.*, No. 6(f).) Employer denied Claimant's allegations, presenting, *inter alia*, the deposition testimony of Howard M. Sandler, M.D. to the effect that Claimant's forty-year history of heavy smoking was the most likely cause of his bladder cancer. (*Id.*, No. 27.)

Subsequently, the WCJ denied Claimant's claim petition, concluding that he was not entitled to any causation presumption under the Act in that he failed to "show that he has been diagnosed with a type of cancer 'caused by exposure to a known carcinogen which is recognized as a Group 1 carcinogen' as required by

3

Section 108(r)." (WCJ's Conclusion of Law No. 3.) In addition, characterizing Claimant's smoking history as the "800-pound gorilla in the room,"[3] the WCJ determined: "To the extent that Claimant is afforded the presumption and *Sladek* is overturned . . . , Employer successfully rebutted the presumption with credible expert evidence that smoking 1 ½ packs of cigarettes a day for 40 years was the most likely cause of Claimant's bladder cancer." (*Id.*) The Board affirmed and Claimant's petition for review followed.

In order to prove that a firefighter's cancer is an occupational disease, he must show diagnosis of a type of cancer "*caused by* exposure to a known carcinogen which is recognized as a Group 1 carcinogen." 77 P.S. § 27.1(r) (emphasis added). As this Court summarized:

> Once a firefighter establishes that his type of cancer is an occupational disease, then he may take advantage of the statutory presumption in Section 301(e) and (f) of the Act. The presumption relieves [him] of the need to prove that his cancer was caused by his workplace exposure and not another cause. *See* Section 301(e) of the Act, 77 P.S. § 413. So long as [he] can show four years of continuous service and the absence of cancer prior to that service, he is entitled to compensation under Section 301(f) of the Act, 77 P.S. § 414.

*Sladek*, 144 A.3d at 1020.

Here, although the WCJ accepted Claimant's testimony and evidence that he was exposed to Group 1 carcinogens, the WCJ acknowledged that he failed to prove that his cancer was a type of cancer caused by the Group 1 carcinogens to which he was exposed. Specifically, the WCJ noted that Dr. Singer repeatedly opined that he could not isolate any substance as the cause of a particular firefighter's

---

[3] (F.F. No. 27.)

4

cancer and that it was the constellation of exposures that led to cancer.[4] Further, the WCJ noted Dr. Singer's testimony that he was not asserting that a specific carcinogen caused a particular cancer.[5] (F.F. No. 25.) Accordingly, the WCJ determined that, without a causation presumption, Claimant could not meet his burden based on the expert evidence that he submitted. (*Id*., No. 26.)

On appeal, the Board agreed, reiterating the following:

> Given that Claimant failed to make an initial showing, the burden of rebutting an established causal relationship did not fall upon [Employer]. *Sladek*; *Hutz* [*v. Workers' Comp. Appeal Bd. (City of Phila.)*, 147 A.3d 35 (Pa. Cmwlth. 2016)]. Assuming arguendo that Claimant was entitled to a causation presumption, the WCJ specifically accepted Dr. Sandler's opinion that Claimant's cancer was not caused by his occupational exposures and was most likely caused by his extensive smoking history. Rendering credibility determinations is the quintessential function of the [WCJ]. *Kasper v.* [*Workers' Comp. Appeal Bd. (Perloff Bros., Inc.)*,] 769 A.2d 1243 (Pa. Cmwlth. 2001).

(Board's February 22, 2018, Decision at 14.)

Accordingly, pursuant to our holding in *Sladek*, we affirm.[6]

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

 

Judge Fizzano Cannon did not participate in the decision of this case.

---

[4] (Record, Item No. 23, December 21, 2012, Deposition of Dr. Singer, Notes of Testimony at 99-101.)

[5] (*Id.*)

[6] "It is axiomatic that a decision of an appellate court remains binding precedent, even if it has been appealed, unless and until it is overturned by the Pennsylvania Supreme Court." *Germantown Cab Co. v. Phila. Parking Auth.*, 27 A.3d 285, 287 (Pa. Cmwlth. 2011).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley Ratay,                  :
           Petitioner       :
                        :
          v.             :    No. 271 C.D. 2018
                        :
Workers' Compensation Appeal    :
Board (City of Philadelphia),      :
           Respondent    :

# **O R D E R**

AND NOW, this 31st day of August, 2018, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

 

 

<u>                                       </u>
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge