# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Jordan, : 
                Petitioner : 
                 : 
          v. : No. 270 C.D. 2018
                 : SUBMITTED: July 6, 2018
Workers' Compensation Appeal : 
Board (City of Philadelphia), : 
              Respondent : 


BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: September 26, 2018**


        William Jordan (Claimant), a firefighter for the City of Philadelphia Fire Department (Employer or City), petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying his claim petition. On appeal, Claimant maintains that the WCJ and Board erred by misinterpreting Sections 108(r) and 301(f) of the Workers' Compensation Act (Act),[1] 77 P.S. §§ 27.1(r) and 414, part of the 2011 amendments to the Act known as Act 46. Section 108(r) added cancer suffered by a firefighter caused by exposure to a known carcinogen recognized as a Group 1 carcinogen by the International Agency for Research on Cancer (IARC) as a compensable occupational disease. Section 301(f) limited cancer claims to

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of the Act of July 7, 2011, P.L. 251.

firefighters who could show four or more years of continuous firefighting service and the absence of cancer prior thereto. In accordance with *City of Philadelphia Fire Department v. Workers' Compensation Appeal Board (Sladek)*, 144 A.3d 1011 (Pa. Cmwlth. 2016) (en banc), *appeal granted*, 167 A.3d 707 (Pa. 2017),[2] we affirm.

The pertinent facts are as follows. In 1977, Claimant joined the City's Fire Department. Over the course of his employment, he has held the positions of firefighter, fire paramedic lieutenant, and fire paramedic captain. When he was hired, he passed a physical with no restrictions on his ability to work and no treatment for any type of cancer. With each promotion, he passed a physical with no restrictions. Out of his thirty-five years as a firefighter/paramedic, he has spent thirty-three years in a firehouse. He continues to do so. [WCJ's May 22, 2017, Decision, Finding of Fact (F.F.) No. 3(a), (b), and (e).]

In January 2004, Claimant was diagnosed with prostate cancer at age fifty-two. Before that time, he had never been treated or diagnosed with any type of cancer. [*Id.*, No. 3(b) and (o).] By way of background, his father and two uncles had prostate cancer when they were in their seventies. [*Id.*, No. 3(q).] Additionally,

---

[2] In *Sladek*, the Supreme Court granted review on the following issues:

> (1) Whether the Commonwealth Court, in a case of first impression, committed an error of law by misinterpreting Section 108(r) to require a firefighter diagnosed with cancer caused by an IARC Group I carcinogen to establish exposure to a specific carcinogen that causes his/her cancer in order to gain the rebuttable presumption provided by the law?; and

> (2) Whether the Commonwealth Court committed an error of law by concluding that a legislatively-created presumption of compensability may be competently rebutted by a general causation opinion, based entirely upon epidemiology, without any opinion specific to the firefighter/claimant making the claim?

167 A.3d at 707.

Claimant smoked about one-half pack of cigarettes per day from age nineteen to thirty-four. Further, before his diagnosis, firefighters were permitted to smoke in firehouses as a matter of course. (*Id.*) Claimant sat in common areas with coworkers who smoked at every one of his stops. (August 14, 2012, Deposition of Claimant, Notes of Testimony at 33.) In June 2004, Claimant had surgery and missed three months of work. He continues to undergo various forms of treatment. [F.F. No. 3(o).]

On May 18, 2012, Claimant filed a claim petition alleging that he suffered an occupational disease in the nature of prostate cancer as a result of his exposure to IARC Group I carcinogens while working for Employer and that this exposure was a substantial contributing factor in his diagnosis. Alleging an injury date of January 2, 2004, he further averred that he was entitled to temporary total disability benefits from June 22 to September 1, 2004, and payment of medical expenses related to his diagnosis. (*Id.*, No. 1.) In support of his position, Claimant presented, *inter alia*, the January 2013 global deposition testimony of Barry L. Singer, M.D., which was taken related to all pending workers' compensation cases involving diagnosed prostate cancer in firefighters employed by Employer and represented by present counsel. (*Id.*, No. 8.) Employer denied Claimant's allegations. Subsequently, the WCJ denied Claimant's claim petition. The Board affirmed and Claimant's petition for review followed.

In order to prove that a firefighter's cancer is an occupational disease, he must show diagnosis of a type of cancer "*caused by* exposure to a known carcinogen which is recognized as a Group 1 carcinogen." 77 P.S. § 27.1(r) (emphasis added). As this Court summarized:

> Once a firefighter establishes that his type of cancer is an
> occupational disease, then he may take advantage of the

3

> statutory presumption in Section 301(e) and (f) of the Act. The presumption relieves [him] of the need to prove that his cancer was caused by his workplace exposure and not another cause. *See* Section 301(e) of the Act, 77 P.S. § 413. So long as [he] can show four years of continuous service and the absence of cancer prior to that service, he is entitled to compensation under Section 301(f) of the Act, 77 P.S. § 414.

*Sladek*, 144 A.3d at 1020.

Here, Claimant in support of his position cites the WCJ's finding that "Claimant's testimony and medical and expert evidence credibly and persuasively establishe[d] that [he] was exposed to Group I carcinogens as defined by the IARC during his employment as a Philadelphia firefighter/Captain." (F.F. No. 25.) In addition, he emphasizes the WCJ's conclusion that the "evidence of record as a whole" supported that finding and that Employer never rebutted Claimant's testimony regarding his exposure. (*Id*.) Accordingly, asserting that he satisfied the presumption that his prostate cancer was caused by his workplace exposure and that Employer failed to rebut it, Claimant maintains that the uncontradicted record and a proper interpretation of Sections 108(r) and 301(f) of the Act mandate an award of benefits. His position is without merit.

As the WCJ ultimately concluded, Claimant failed to meet his burden of proof due to failure to establish exposure to a particular Group I carcinogen specifically known to cause prostate cancer. (*Id*., Nos. 25-26.) The Board agreed, determining that Claimant failed to prove that his cancer was the type *caused by* exposure to a Group 1 carcinogen to which he was exposed in the workplace in accordance with this Court's holding in *Sladek*. In so determining, the Board emphasized the testimony of Dr. Singer in his global deposition to the effect that "we know that several carcinogens could cause prostate cancer but we do not know

4

which exposures specifically caused a certain claimant's prostate cancer." (February 22, 2018, Board Decision at 15.) Consistent with this Court's precedent, therefore, the Board determined that the burden did not shift to Employer to rebut an established causal relationship.[3] *Hutz v. Workers' Comp. Appeal Bd. (City of Phila.)*, 147 A.3d 35, 47-48 (Pa. Cmwlth. 2016); *Sladek*, 144 A.3d at 1020-21.

Accordingly, pursuant to our holding in *Sladek*, we affirm.[4]

---

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[3] As the Board also observed, Claimant was not entitled to the statutory presumption of compensability found in Section 301(f) of the Act because it applies only to firefighters who file their claims within 300 weeks of their last date of workplace exposure and establish that their type of cancer is an occupational disease. Here, although Claimant filed his claim petition in May 2012 alleging an injury date of January 2, 2004, thereby satisfying the 600-week statute of limitations set forth in Section 301(f), he filed his claim more than 300 weeks after his last exposure. (February 22, 2018, Board Decision at 16 n.14) [citing *Fargo v. Workers' Comp. Appeal Bd. (City of Phila.)*, 148 A.3d 514 (Pa. Cmwlth. 2016), *appeal denied*, 168 A.3d 1245 (Pa. 2017)].

[4] "It is axiomatic that a decision of an appellate court remains binding precedent, even if it has been appealed, unless and until it is overturned by the Pennsylvania Supreme Court." *Germantown Cab Co. v. Phila. Parking Auth.*, 27 A.3d 285, 287 (Pa. Cmwlth. 2011).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Jordan,                :

           Petitioner      :

                  :

          v.            :     No. 270 C.D. 2018

                  :

Workers' Compensation Appeal    :

Board (City of Philadelphia),      :

          Respondent    :

# O R D E R

AND NOW, this 26th day of September, 2018, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge